Mr. Carroll Dunn, Chair Arkansas Board of Private Investigators and Private Security Agencies c/o Arkansas State Police P.O. Box 5901 Little Rock, AR 72215
Dear Mr. Dunn:
This is in response to your request for an opinion concerning the Private Investigators and Private Security Agencies Act, which is codified at A.C.A. §§ 17-33-101—352 (Repl. 1992). Section17-33-106 of the act states that:
 (a) The regulation of investigation, security, and alarm systems businesses shall be exclusive to the [Arkansas Board of Private Investigators and Private Security Agencies].
 (b) Licensees and employees of licensees, under the provisions of this chapter, shall not be required to obtain any authorization, permit, franchise, or license from, or pay another fee or franchise tax to, or post bond in, any city, county, or other political subdivision of this state to engage in the business or perform any service authorized under this chapter.
 (c) However, any city or county shall be permitted to require a business operating within its jurisdiction to register without fee and may adopt an ordinance to require users of alarm systems to obtain revocable permits without fee.
Your questions, pursuant to the above provisions, are set out below and answered in the order posed:
 1. Does a company who is licensed under the provisions of A.C.A. 17-33-101 et. seq. have to pay any fee to any city, county or political subdivision of this state to conduct business within the scope of their license in the prospective area, regardless of terminology used by the entity to collect said fee?
 2. If the answer to #1 is no, does any city or county ordinance passed by such entity supersede State law?
It is my opinion, with regard to your first question, that the answer is "no."
This office has recently issued Op. Att'y Gen. 92-059, a copy of which is enclosed, which addressed this issue. That opinion concluded that a city ordinance which attempted to charge a fee for the operation of an alarm company was contrary to § 17-33-106
and was thus invalid. The opinion also noted that the classification of the fee as a "service charge" did not negate the invalidity of the ordinance.
I will assume, based on the nature of your first question, that the focus of your second question is intended to be on local ordinances that attempt to charge a fee to licensees of the Arkansas Board of Private Investigators and Private Security Agencies.
It is my opinion that the answer to your second question is also "no."
As discussed in Opinion 92-059, an ordinance providing that a city may charge a fee to such a licensee is in violation of §17-33-106. See Op. Att'y Gen. 92-059, at 2.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure